UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL R. MULLINS,

    Plaintiff,

v.

SHASTA COUNTY JAIL ADMINISTRATION, et al.,

    Defendants.

No. 2:24-cv-3697 CSK P

ORDER

    Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As set forth below, the complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.   PLAINTIFF'S COMPLAINT

In his first two claims, plaintiff alleges that he is being subjected to conditions of confinement that violate his Eighth Amendment rights, including exposure to black mold and asbestos in the housing and kitchen area, and alleges that despite numerous grievances, the black mold and asbestos have not been remediated.  (ECF No. 1.)  As a result, plaintiff has suffered diarrhea for weeks.  (Id. at 3.)  Plaintiff claims that correctional officers "sign disclosures to work around asbestos yet jail administration denies its presence to inmates."  (Id.)  In his third claim, plaintiff alleges that defendants failed to comply with administrative remedies.  (Id. at 5.)  As relief, plaintiff seeks an unspecified injunction and punitive damages.  (Id. at 6.)

As defendants, plaintiff names the "Shasta County Jail Administration, et al.," and "Administrative" employed as "levels," at Shasta County Jail.  (ECF No. 1 at 2.)

III.   DISCUSSION

   A.   Jail Grievances

The Due Process Clause protects plaintiff against the deprivation of liberty without due process under the law.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, "[t]here is no legitimate claim of entitlement to a grievance procedure."  Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) (citations omitted).  Further, the failure to follow grievance procedures does not give rise to a due process claim.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("inmates lack a separate constitutional entitlement to a specific prison grievance procedure") (citation omitted).  A prison or jail official's denial of a grievance does not itself violate the constitution.  Evans v. Skolnik, 637 F. App'x 285, 288 (9th Cir. 2015).  "Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances."  Daniels v. Aguilera, 2018 WL

558658, at *1 (E.D. Cal. Jan. 24, 2018), report and recommendation adopted, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018); Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Because plaintiff cannot state a cognizable due process claim based on jail staff failing to comply with administrative remedies, plaintiff's third claim should be dismissed.

B.   Jail Conditions

To state a claim for unconstitutional conditions, a plaintiff must allege an objectively "sufficiently serious" deprivation that results in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994); see Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049-50 (9th Cir. 2002). These are "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981). "The circumstances, nature, and duration of a deprivation of [ ] necessities must be considered in determining whether a constitutional violation has occurred." Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005) (internal quotation and citation omitted).

In addition to alleging facts to support that he is confined in conditions posing a substantial risk of harm, a plaintiff must also allege facts to support that a defendant had a "sufficiently culpable state of mind," i.e., that the official acted with deliberate indifference to inmate health or safety. Farmer, 511 at 834. In defining "deliberate indifference" in the prison context, the Supreme Court has imposed a subjective test: "the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. A plaintiff must also allege how he was injured by the alleged unconstitutional conditions. See, e.g., Lewis v. Casey, 518 U.S. 343, 349 (1996) (doctrine of standing requires that claimant have suffered or will imminently suffer actual harm); Caswell v. Calderon, 363 F.3d 832, 836 (9th Cir. 2004).

Here, plaintiff alleges facts demonstrating an objectively "sufficiently serious"

4

deprivation, but plaintiff identifies no particular individual who acted with a sufficiently culpable state of mind; in other words, he must identify an individual who was deliberately indifferent to plaintiff's health and safety. Indeed, plaintiff identifies no individual upon which the Court could order service of process. Plaintiff must identify the individual or individuals responsible for the violations he alleges. Therefore, the complaint must be dismissed. However, the Court will grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Shasta County Sheriff filed concurrently herewith.

    3. Plaintiff's complaint is dismissed.

    4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a. The completed Notice of Amendment; and

        b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: January 2, 2025

                                            CHI SOO KIM
                                            UNITED STATES MAGISTRATE JUDGE

/1/mull3697.14new.csk

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. MULLINS,<br><br>          Plaintiff,<br><br>     v.<br><br>SHASTA COUNTY JAIL ADMINISTRATION, et al.,<br><br>          Defendants. | No. 2:24-cv-3697 CSK P<br><br>NOTICE OF AMENDMENT |

    Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐  Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff